IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

MELISSA FOSTER                                                                       PLAINTIFF

V.                    CASE NO. 3:16-CV-00105-SWW-JTK

CAROLYN W. COLVIN, *Acting Commissioner*
Social Security Administration                                          DEFENDANT

## **PROPOSED FINDINGS AND RECOMMENDATIONS**

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge Susan Webber Wright. The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection. The objections must be filed with the Clerk no later than fourteen (14) days from the date of the findings and recommendations. A copy must be served on the opposing party. The District Judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

### DISPOSITION

Pending before the Court is the Commissioner of the Social Security Administration's (Commissioner) Motion to Reverse and Remand pursuant to the fourth sentence of 42 U.S.C. § 405(g). (DE #16) The Commissioner request for this Court to remand the entirety of the case to allow it to conduct further proceedings.

### Procedural History

On August 22, 2014, an Administrative Law Judge (ALJ) found Plaintiff disabled as of September 30, 2012. (Tr. 20-24) Within the same decision, however, the ALJ found that a

medical improvement occurred as of October 1, 2013, and Plaintiff's impairments were no longer disabling; therefore, her disability ended as of October 1, 2013. (Tr. 30-32)

On April 15, 2016, Plaintiff filed her complaint with this Court appealing the Commissioner's decision denying her claim. (DE # 2) The issues Plaintiff presented on review were as follows: (1) the ALJ improperly developed the record after the period of disability; (2) the ALJ's determination that Plaintiff can perform work in the national economy after the period of disability is unsupported by substantial evidence; and (3) that the administrative record is incomplete. (DE #12) Plaintiff noted in her brief that she was not challenging the favorable portion of the ALJ's decision stating that "it is not before the Court for judicial review." (DE #12)

On October 17, 2016, the Defendant filed a Motion to Reverse and Remand the entirety of the case including the favorable and unfavorable portions of the ALJ's decision. (DE # 16) Specifically, the Commissioner states that "the Appeals Council will instruct the administrative law judge (ALJ) to obtain medical evidence; reconsider the residual functional capacities in the favorable and unfavorable portions of the decision; re-evaluate medical improvement, if necessary; obtain supplemental evidence from a vocational expert to determine whether Plaintiff has acquired any skills that are transferable to other occupations; and if warranted, clarify the effect of the assessed limitations on Plaintiff's occupational base." *Id.*

Plaintiff filed her Response on November 7, 2016, in partial opposition to the Commissioner's motion to remand, stating that the Court should "reject as illegitimate the agency's present contention that Foster's disability between September 30, 2012 and October 1, 2013 is either not established or that it was adjudicated in error." (DE # 20) Furthermore, the Plaintiff argues that this Court is limited to reviewing the ALJ's finding after October 1, 2013, that Plaintiff can engage in substantial gainful activity. *Id.* This Court agrees.

Discussion

Defendant argues that authority for its motion is found in sentence four of 42 U.S.C. § 405(g). (DE #16 at 2-3) Sentence four of 42 U.S.C. 405(g) authorizes the district court to "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of the Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). While, the Defendant is correct that the Court's authority to remand a case is found within that particular statute, the Commissioner fails to cite any basis for this Court to disrupt the ALJ's finding of disability during the period of September 30, 2012, through October 1, 2013, or provide any reasoning as to why the favorable portion of the decision should not be upheld. Furthermore, the Eighth Circuit has ruled that when an award of disability benefits is for a closed period of time, review is limited to determining whether the decision that the claimant is capable of performing gainful work after a specified date is supported by substantial evidence on the record as a whole. *Ness v. Sullivan*, 904 F.2d 432, 435 (8th Cir. 1990).

The Plaintiff specifically stated within her brief that she was not challenging the favorable portion of the ALJ's decision; therefore, based upon the fact that the closed period of disability is not an issue on appeal, as well as Eighth Circuit law, it is recommended that this Court grant Defendant's Motion to Remand for further administrative proceedings limited to the period of October 2, 2013, and beyond.

IT SO ORDERED this 14th day of December, 2016.

_____
UNITED STATES MAGISTATE JUDGE